OPINION OF THE COURT
CARROLL, Judge:
A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of larceny of military property (two specifications) in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1988) [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence consisting of confinement for two months, reduction to Private E1, and a bad-conduct discharge.
This case is before the court for automatic review pursuant to Article 66, UCMJ. We have reviewed the record of trial, the assignment of error and the government’s reply thereto. Athough we find no error affecting the appellant’s substantial rights, *875 we will comment on the appellant’s allegation that the military judge erred in denying his motion to suppress the statement he made to a United States Army Criminal Investigation Command (CID) agent. This is a question of law which we will review de novo. United States v. Ayala, 43 M.J. 296 (C.M.A.1995).
FACTS
On 26 August 1993, CID agents transported the appellant to the CID office for questioning after discovering government property at the appellant’s quarters. The appellant invoked his right to consult with counsel, and the CID agents conducting the interview promptly ceased their questioning and released him. The appellant was under no restraints or restrictions after that interview. The following day he consulted with a military attorney who advised him that he could and should contact the attorney if he were approached for further questioning.
Six months after the earlier contact, a CID agent called the appellant’s unit to ascertain from his company commander whether or not the appellant had obtained counsel. The appellant, who coincidentally was serving as his unit’s Charge of Quarters, answered the telephone and advised the agent that the company commander was unavailable. When the agent realized that she was speaking to the appellant, she asked him if he had obtained counsel, and, if not, did he intend to do so. The appellant replied that he neither had nor wanted counsel. She asked if he would be willing to make a statement. He replied affirmatively and agreed to meet with her at the CID office. The agent, unable to schedule an appointment at that time, told the appellant she would call him the next day. Accordingly, she called the unit two times the following morning to schedule a meeting and left a message for him to call her back. The appellant returned her call and met her at the CID office. After receiving proper warnings in accordance with Article 31, UCMJ, and Tempia,[2] the appellant affirmatively waived his Fifth and Sixth Amendment rights and made the statement that he later sought to suppress at trial.
DISCUSSION
The appellant asserts that under the “bright line” Edwards[3] rule, his statement was inadmissible because it was the product of a police-initiated interview after he had invoked his right to consult with an attorney. In Edwards, the Supreme Court suppressed a statement made when police reinitiated questioning of an accused after a period of continuous custody following his invocation of his right to counsel.
The appellant relies on a decision of this court that extended the narrow holding in Edwards to a fact pattern which included a significant break in custody occurring between the accused’s claim of right to counsel and his subsequent waiver of that right. United States v. Grooters, 35 M.J. 659 (A.C.M.R.1992), rev’d on other grounds, 39 M.J. 269 (C.M.A.1994). In Grooters, as in the case before us, the police reinitiated contact with the suspect after he had invoked his right to counsel. This court’s decision in Grooters held that the military judge erred in not suppressing the statement, even though Private Grooters had enjoyed a twenty-two-day break in custody between the time he invoked his rights and the time the police reinitiated contact with him. Inexplicably, the court neither addressed the break in custody nor distinguished the facts before it from those in United States v. Schake, 30 M.J. 314 (C.M.A.1990) (six-day break in custody dissolved appellant’s Edwards claim).
Considering the inconsistency between the holdings in Grooters and Schake, Judge Crawford’s vigorous criticism of the application of the Edwards rule in Grooters,[4] and a recent, well-reasoned decision of the *876 Air Force Court of Criminal Appeals,[5] we find it appropriate to reexamine the significance of a break in custody on the applicability of the Edwards rule. We are satisfied that the coercive nature inherent to continuous custody was central to the Supreme Court’s holding in Edwards and later in Min-nick v. Mississippi That position was the basis for the holding by the Court of Military Appeals (now the Court of Appeals for the Armed Forces) in Schake. The Schake decision preceded the Minnick opinion, but we find nothing in the Minnick opinion to alter the precedential value of Schake. To the extent that the holdings in Grooters and Schake are inconsistent, we will not follow Grooters.
In the absence of continuous custody, this court will look at the totality of the circumstances to determine whether a suspect’s ultimate waiver of his right to counsel was voluntary and knowing. See Edwards, 451 U.S. at 482, 101 S.Ct. at 1883-1884. As distinguished from the facts in Edwards, the appellant in this case had been released from custody and exercised the opportunity to seek legal counsel between the time he left the CID office in August and the time he spoke to a CID agent six months later. Furthermore, the CID agent’s telephone calls did not constitute custodial contact. While the Supreme Court in Minnick held that the protections set out in Edwards do not cease with the opportunity to consult with counsel, the Court’s underlying concern was to protect a suspect in custody from overreaching by the police. Minnick, 498 U.S. at 153, 111 S.Ct. at 491; see also McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). The six-month break in custody in the present case extinguished the element of coercion inherent to continued custody. In both Edwards and Minnick, the incarcerated suspects perceived that they were required to meet with the interrogators. In contrast, the actions of the CID agent in this case did not amount to undue pressure or badgering that would taint the appellant’s waiver of rights. We find that the appellant understood that he was not required to meet with the CID agent. He voluntarily chose to meet with her, and he voluntarily chose to make a statement.
We are convinced from the totality of the circumstances that the appellant’s waiver was voluntary and knowing. We conclude, therefore, that the statement was admissible.
The findings of guilty and the sentence are affirmed.
Senior Judge CAIRNS and Judge RUSSELL concur.

. Appellant entered conditional pleas of guilty and reserved the right to further appellate review of his suppression motion. Rule for Courts-Martial 910(a)(2).

. United States v. Tempia, 16 U.S.C.M.A. 629, 37 C.M.R. 249, 1967 WL 4235 (1967).

. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, reh. denied, 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981); see also Minnick v. Mississippi, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990).

. United States v. Grooters, 39 M.J. 269, 274 — 276 (C.M.A.1994) (Crawford, J., concurring).

. United States v. Vaughters, 42 M.J. 564 (AF Ct.Crim.App.), pet. granted, 43 M.J. 241 (1995) (police-initiated interview after 19-day break in custody did not violate right to counsel).