UNITED STATES, Appellee

v.

Lyndon M. VAUGHTERS, Staff Sergeant
U.S. Air Force, Appellant.

No. 95–0899.

Crim. App. No. 30799.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 29, 1996.

Decided Aug. 30, 1996.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* (on brief); *Lieutenant Colonel Joseph L. Heimann*.

For Appellee: *Captain Libby A. Brown* (argued); *Lieutenant Colonel Michael J. Breslin* (on brief); *Colonel Jeffery T. Infelise*.

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a military judge sitting alone at Nellis Air Force Base, Nevada, in June of 1993. Contrary to his pleas, he was found guilty of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The judge sentenced him to a bad-conduct discharge, confinement for 6 months, forfeiture of $300.00 pay per month for 8 months, and reduction to E–1. The convening authority approved this sentence on August 17, 1993. The Court of Criminal Appeals affirmed on April 26, 1995. 42 MJ 564.

On August 30, 1995, this Court granted review on the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN RULING THAT APPELLANT'S CONFESSION WAS ADMISSIBLE WHEN LAW ENFORCEMENT AGENTS HAD RE–INITIATED A CUSTODIAL INTERROGATION AFTER APPELLANT HAD REQUESTED COUNSEL.

We conclude that the Court of Criminal Appeals did not err in holding appellant's confession admissible. *See United States v. Schake*, 30 MJ 314, 319 (CMA 1990); *United States v. Barlow*, 41 F.3d 935, 944–46 (5th Cir.1994).

The facts giving rise to the granted issue were summarized by the appellate court below as follows:

At trial, the parties stipulated to facts surrounding appellant's confession. On 10 February 1993, Security Police investigators interviewed appellant about his involvement with illegal drugs. When the investigators expressed doubts about appellant's story, appellant requested coun-

sel, but agreed to provide a urine specimen for testing. The interview was terminated and appellant provided the specimen. The urine specimen tested positive for the presence of a metabolite of cocaine. The results of the urinalysis were reported back to the Air Force Office of Special Investigations (AFOSI), rather than the Security Police. Agents of the AFOSI called appellant to their office on 1 March 1993 for an interview. They were unaware that, and apparently did not ask if, appellant had previously invoked his right to counsel. The AFOSI agents advised appellant of his rights to remain silent and to have an attorney. Appellant waived these rights in writing and agreed to be interviewed. Appellant then admitted snorting two lines of cocaine while at a local night club.

42 MJ at 565.

That court further commented on the legal significance of these facts, as follows:

Although the sweeping language in *Edwards* [*v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)] would seem to apply to this case, we believe such a result is neither required nor would further the purpose of the rule. Appellant was released from custody immediately after he requested to speak to an attorney. For the next 19 days, appellant was neither in custody nor subject to any other conditions on his liberty, was not badgered by police, was performing duties on an Air Force installation on which two military defense attorneys were located, had sought legal counsel from a military defense counsel for a previous nonjudicial punishment, and did not contact any attorney for assistance with this accusation. We do not believe the Supreme Court meant to find an accused in appellant's position to be under such "inherently compelling pressures" as to need any special protection. We find the AFOSI-initiated interrogation of 1 March 1993 did not violate appellant's right to counsel. *See McNeil v. Wisconsin*, 501 U.S. 171, 176–77, 111 S.Ct. 2204, 2208, 115 L.Ed.2d 158, 167–68 (1991) (suggesting the rule of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d

378 (1981) and *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990) applies when there has been no break in custody); *United States v. Flynn*, 34 MJ 1183, 1187–88 (AFCMR 1992).

42 MJ at 566–67.

———

The granted issue in this case challenges the holding of the Court of Criminal Appeals that *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), did not apply in appellant's case. *See generally Davis v. United States*, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). In *Edwards*, the Supreme Court held that once an individual in custody asserts his right to counsel under the Fifth Amendment all interrogation must cease until counsel is "made available" or the accused "initiates further communication . . . with the police." *Id.* at 484–85, 101 S.Ct. at 1885. The service court below held that custodial interrogation may be reinitiated without counsel being present where a suspect had been released from custody for 19 days, provided a meaningful opportunity to consult with counsel, and subsequently waived his right to counsel. We agree with the Court of Criminal Appeals that this holding does not violate *Edwards*. *See United States v. Schake, supra.*

In *Schake*, this Court addressed the question whether *Edwards v. Arizona, supra,* was applicable in the break-in-custody (6 days) context. A majority of this Court held:

In any event, assuming appellant was subjected to custodial interrogation on September 18, 1987, we nonetheless hold that his later confession on September 24, 1987, was not barred by *Edwards v. Arizona, supra.* . . .

In deciding that suppression is not necessary, we first note that appellant was released from the police station and allowed unrestricted freedom of movement from September 18 until September 24, 1987. This 6–day break in continuous custody dissolved appellant's *Edwards* claim. *Dunkins v. Thigpen*, [854 F.2d 394 (11th Cir. 1988)] supra at 397 (and cases cited therein); *People v. Trujillo*, 773 P.2d 1086, 1092 (Colo.1989). *See generally Butler v.*

*McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990). The opinion of this Court in *United States v. Applewhite,* [23 MJ 196 (1987)] supra at 199, does not dictate a contrary conclusion. There, evidence concerning "the operation of the local Trial Defense Service" suggested such a release was pretextual or largely ineffective. *Id.* at 199. *See also United States v. King,* 30 MJ 59 (CMA 1990). Here appellant was actually represented by counsel on another charge at the time of his release, and it cannot otherwise be said that his release did not provide him a real opportunity to seek legal advice. *See Dunkins v. Thigpen* and *People v. Trujillo,* both *supra.* Finally, when he returned to the station on September 24, 1987, appellant was fully advised of his *Miranda–Tempia* [see 16 USCMA 629, 631, 37 CMR 249, 251 (1967) ] rights, as well as his right to refuse to take the polygraph examination.

30 MJ at 319 (footnote omitted).

Appellant, nonetheless, suggests that case law establishing such a break-in-custody exception to *Edwards v. Arizona, supra,* has been superceded by the subsequent decision of the Supreme Court in *Minnick v. Mississippi,* 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990). He asserts that case reaffirmed the bright line or absolute nature of the *Edwards* rule, *i.e.,* precluding any exception for suspects who are released from custody. We disagree for several reasons.

First of all, *Minnick v. Mississippi, supra,* was a continuous-custody case and did not purport to extend the *Edwards* rule to the break-in-custody situation. *See McNeil v. Wisconsin,* 501 U.S. 171, 177, 111 S.Ct. 2204, 2208–09, 115 L.Ed.2d 158 (1991) (dictum suggests *Edwards* not apply where there has been a "break in custody"); *see also United States v. Grooters,* 39 MJ 269, 275 (CMA 1994) (Crawford, J., concurring in the result). Second, Federal civilian Court of Appeals cases continue to adhere to a break-in-custody rule similar to that articulated in *United States v. Schake, supra,* even after the *Minnick* decision. *See United States v. Barlow,* 41 F.3d 935 (5th Cir.1994); *United States v. Hines,* 963 F.2d 255, 256–57 (9th Cir.1992); *United States v. Garey,* 813 F.Supp. 1069, 1072–73 (D.Vt.1993), *aff'd,* 19 F.3d 8 (2nd Cir.1994). Finally, we continue to be persuaded that *Edwards* and its progeny did not intend to preclude further interrogation by police where a suspect has been provided what *Schake* describes as "a real opportunity to seek legal advice." 30 MJ at 319. *See Dunkins v. Thigpen,* 854 F.2d 394 (11th Cir. 1988); *United States v. Skinner,* 667 F.2d 1306, 1309 (9th Cir.1982); *see generally Minnick v. Mississippi, supra* at 154, 111 S.Ct. at 491–92 ("*Edwards'* purpose to protect the suspect's right to have counsel present at custodial interrogation").

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, Judges CRAWFORD and GIERKE, and Senior Judge EVERETT concur.