UNITED STATES, Appellee

v.

Jose A. FAISCA, Staff Sergeant
U.S. Army, Appellant.

No. 96–0788.
Crim.App. No. 9401331.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 7, 1997.

Decided July 10, 1997.

For Appellant: *Captain Paul Fiorino* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters,* and *Captain*

*Michael E. Hatch* (on brief); *Colonel Stephen D. Smith* and *Lieutenant Colonel John T. Rucker.*

For Appellee: *Captain Thomas N. Auble* (argued); *Colonel John M. Smith, Lieutenant Colonel Eva M. Novak,* and *Major Virginia G. Beakes* (on brief); *Captain John W. O'Brien.*

*Opinion of the Court*

COX, Chief Judge:

On August 2–3, 1994, appellant was tried by a military judge sitting alone as a general court-martial. Pursuant to his conditional pleas, he was found guilty of wrongful appropriation and larceny (1 specification each), in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. Appellant was sentenced to a bad-conduct discharge, confinement for 2 months, and reduction to E–1. The convening authority approved the sentence. The Court of Criminal Appeals affirmed the findings and sentence. 43 MJ 876 (1996).

On July 12, 1996, we granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS HIS MARCH 2, 1994, CONFESSION AS HAVING BEEN GARNERED IN VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION.

We hold that the Court of Criminal Appeals did not err in deciding that appellant's confession was admissible. In so doing, we agree with that court that this is a question of law which we review *de novo. United States v. Ayala,* 43 MJ 296, 298 (1995); *see* 43 MJ at 877.

In making this determination, we rely upon the following facts summarized by the court below:

On 26 August 1993, CID agents transported the appellant to the CID office for questioning after discovering government property at the appellant's quarters. The appellant invoked his right to consult with counsel, and the CID agents conducting the interview promptly ceased their questioning and released him. The appellant was under no restraints or restrictions after that interview. The following day he consulted with a military attorney who advised him that he could and should contact the attorney if he were approached for further questioning.

Six months after the earlier contact, a CID agent called the appellant's unit to ascertain from his company commander whether or not the appellant had obtained counsel. The appellant, who coincidentally was serving as his unit's Charge of Quarters, answered the telephone and advised the agent that the company commander was unavailable. When the agent realized that she was speaking to the appellant, she asked him if he had obtained counsel, and, if not, did he intend to do so. The appellant replied that he neither had nor wanted counsel. She asked if he would be willing to make a statement. He replied affirmatively and agreed to meet with her at the CID office. The agent, unable to schedule an appointment at that time, told the appellant she would call him the next day. Accordingly, she called the unit two times the following morning to schedule a meeting and left a message for him to call her back. The appellant returned her call and met her at the CID office. After receiving proper warnings in accordance with Article 31, UCMJ, and *Tempia,*[1] the appellant affirmatively waived his Fifth and Sixth Amendment rights and made the statement that he later sought to suppress at trial.

43 MJ at 877.

The granted issue only questions whether failure to provide counsel in this case violated the Fifth Amendment. This question is easily resolved contrary to appellant, since he was not in custody when he was approached and asked if he had counsel. *Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994); *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Moreover, appellant had been released from custody for more than 6 months and indicated to the special agent that he did not have counsel assigned to his case, nor did he desire counsel. *See United States v. Vaughters,* 44 MJ 377 (1996); *United States v. LeMasters,* 39 MJ 490 (CMA 1994); *cf. United States v. King,* 30 MJ 59, 68 (CMA 1990) (presence of counsel required upon reinitiation of interrogation by investigators after request for counsel where suspect was in custody).

Here, appellant was originally transported to the Criminal Investigation Command (CID) office for questioning, and at that time invoked his right to counsel. The CID agents promptly and properly ceased their questioning and released him. The next day, appellant contacted a military attorney who advised him that he should contact the attorney again if he were approached for further questioning.

More than 6 months later, a CID agent who was new to the case called appellant's command and attempted to ascertain whether appellant was represented by counsel, because this information was not included in the file. By mere coincidence, appellant answered the telephone. The CID agent then asked him if he had obtained counsel, and if not, if he intended to do so. Regardless of whether he had established an attorney-client relationship more than 6 months prior to this telephone call, appellant answered unequivocally that he did not desire counsel and he had no intention of securing counsel. Appellant agreed to provide a statement and took affirmative steps to meet the agent at the CID office. After receiving warnings under both Article 31(b), UCMJ, 10 USC § 831(b), and *United States v. Tempia,* 16 USCMA 629, 37 CMR 249 (1967),[2] appellant

---

1. *United States v. Tempia,* 16 USCMA 629, 37 CMR 249 (1967).

2. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (Court suppressed

affirmatively waived all of his rights and provided the statement he now seeks to suppress.

The agents did not attempt to usurp appellant's rights, but were merely trying to determine which decisions appellant had made in the exercise of those rights. The agents' reinitiation of contact was not made because of an attempt to circumvent the Fifth or Sixth Amendments, but rather was undertaken in an effort to learn if appellant had sought or retained counsel and, if so, counsel's identity. It was a matter of sheer coincidence that appellant answered the telephone. He certainly could have refused the special agent's invitation to discuss the case. Appellant was not in custody when the request was made. In fact, initially appellant

statement made when police reinitiated questioning of defendant after period of continuous custody following invocation of right to counsel).

3. Mil.R.Evid. 305(e), *Notice to Counsel*, was substantively amended in the 1995 edition, and thus differs from the version that was in effect at appellant's trial in August 1994. *Compare* Mil. R.Evid. 305(e), Manual for Courts–Martial, United States (1994 ed.), *with* Mil.R.Evid. 305(e), Manual, *supra* (1995 ed.); *see* Drafters' Analysis of Mil.R.Evid. 305(e), Manual, *supra* at A22–15.

4. We observe, however, that the decision below affirming the sentence is based on the erroneous belief that appellant was convicted "of larceny of

was not even engaged in a face-to-face encounter. Thus, any of the pressures present in a custodial interrogation were not present until appellant had already stated that he did not wish to consult with an attorney. However, appellant denied that he was even represented by counsel. All of these circumstances constitute an affirmative waiver under Mil.R.Evid. 305(g)(1), Manual for Courts–Martial, United States (1995 ed.).[3] Thus, we hold that there was no violation of appellant's rights in failing to grant the motion to suppress.[4]

The decision of the United States Army Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON *concur.*

military property (two specifications)." 43 MJ 876. The maximum punishment for these offenses includes confinement for 20 years. Para. 46e(1)(c), Part IV, Manual, *supra.*

In fact, appellant was convicted of wrongful appropriation of military property of a total value of $2,818.16 (specification 1) and larceny of military property of a total value of $730.75 (specification 2). As a result, the actual maximum sentence included confinement for 10½ years. Para. 46e(1)(c) and (2)(b). The approved sentence extended to a bad-conduct discharge, confinement for 2 months, and reduction to E–1. However, we do not believe that this oversight would mandate reassessment of the sentence.